IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

THE AGRED FOUNDATION                                                                                    PLAINTIFF

v.                                                    Case No. 4:18-cv-4136

THE UNITED STATES ARMY CORPS OF ENGINEERS
and THE HONORABLE MARK T. ESPER, IN HIS OFFICAL
CAPACITY AS SECRETARY OF THE UNITED STATES
ARMY                                                                                                              DEFENDANTS

**MEMORANDUM OPINION**

Before the Court is Plaintiff the AGRED Foundation's Motion for Summary Judgment. (ECF No. 17).  Defendants the United States Army Corps of Engineers and the Honorable Mark T. Esper, in his official capacity as Secretary of the United States Army, have filed a Response to Plaintiff's Motion for Summary Judgment and Cross-Motion to Dismiss.  (ECF No. 25).  Plaintiff has filed a reply.  (ECF No. 27).

Also before the Court is the Friends of Lake Erling Association's ("FOLEA") Motion to Intervene.  (ECF No. 28).  Plaintiff has filed a response.  (ECF No. 32).  FOLEA has filed a reply. (ECF No. 36).  The Court finds these matters ripe for consideration.

**BACKGROUND**

This action concerns the use and regulation of Lake Erling, an approximately 7,100-acre reservoir located in Lafayette County, Arkansas.  Lake Erling was constructed in 1956 by International Paper Company ("IP") as a source of water for its nearby mill.  Some of the land beneath Lake Erling was owned by the federal government, so the United States of America and IP entered into an "Act of Exchange" on June 23, 1952.  Under the Act of Exchange, IP granted the United States a flowage easement over IP-owned land within the greater Bayou Bodcau

Reservoir Project in Louisiana in exchange for the right to flood the government-owned land under the yet-to-be-constructed Lake Erling.

The Act of Exchange imposed several covenants and restrictions on IP. Relevant to this case, the Act of Exchange required IP to do two things: (1) place no restrictions on the public use of Lake Erling; and (2) allow public access to Lake Erling via its land. Specifically, the Act of Exchange states:

> It is understood and agreed that International Paper Company shall place no restrictions upon the public use of the water area of the industrial water supply reservoir located on its lands either for flood control, recreational, wild life, or fishing and hunting purposes; and that it will permit and grant access over its lands adjoining the water area over and through routes to be agreed upon and designated by the Company and the United States

From the time IP entered into the Act of Exchange on June 23, 1952, until November 1, 2013, it maintained access points across its lands and allowed the public to access Lake Erling free of charge. Thus, IP satisfied the covenants contained in the Act of Exchange. On November 1, 2013, IP conveyed its interest in the land underneath Lake Erling to Plaintiff. Under the terms of the conveyance, Plaintiff agreed to assume all of IP's obligations and duties imposed by the Act of Exchange. After Plaintiff assumed ownership of Lake Erling, it began charging various fees to access the lake.

FOLEA is a group of individuals who either own real property adjacent to Lake Erling or rent property adjacent to Lake Erling and who boat, hunt, fish, and engage in recreational activities on the lake. On March 11, 2016, FOLEA filed suit against Plaintiff in Lafayette County Circuit Court in Lafayette County, Arkansas, seeking declaratory and injunctive relief.[1] Namely, FOLEA

---

[1] *Friends of Lake Erling Association v. The AGRED Foundation d/b/a American Gamebird Research Education and Development Foundation, Inc.*, Lafayette County Circuit Court Case No. CV-2016-16-1.

2

sought to prevent Plaintiff from charging fees related to accessing Lake Erling.[2]

On June 3, 2016, the Honorable Carlton D. Jones[3], granted FOLEA's Motion for Summary Judgment, ruling that Plaintiff's fee-generating programs amounted to restrictions on the public use of Lake Erling in violation the Act of Exchange. Judge Jones enjoined Plaintiff from collecting fees. Plaintiff subsequently appealed the Lafayette County Circuit Court's decision and FOLEA cross-appealed. On October 4, 2017, the Arkansas Court of Appeals issued an opinion, finding that Judge Jones' summary judgment opinion did not dispose of all FOLEA's claims, and thus, was not a final, appealable order.[4] The Court of Appeals remanded the case back to Lafayette County Circuit Court for further consideration. As of the date of this order, the Lafayette County litigation is ongoing.

On August 31, 2018, Plaintiff commenced the instant action seeking declaratory relief. Specifically, Plaintiff seeks a declaration that its fee-generating programs concerning Lake Erling are consistent with its obligations under the Act of Exchange.

On October 30, 2019, Plaintiff filed the instant Motion for Summary Judgment, arguing that charging reasonable fees does not amount to a restriction on public access under the terms of the Act of Exchange. Defendants filed their Response to Plaintiff's Motion for Summary Judgment and Cross-Motion to Dismiss on November 11, 2019. Defendants offer no argument as to whether the Act of Exchange should be interpreted to prohibit or permit Plaintiff to charge fees. Instead, Defendants argue that this action should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction to hear this case.

---

[2] Based on the parties' and FOLEA's pleadings and briefing papers, it appears that Plaintiff was charging the general public a fee to use certain parking areas and boat launches, and charging adjacent landowners for permits to build docks, boathouses, and other structures.
[3] Judge Jones is a Circuit Judge in Eighth South Judicial Circuit of Arkansas, which encompasses Lafayette County.
[4] *AGRED v. FOLEA*, 2017 Ark. App. 510 (Ark. Ct. App. 2017).

On December 6, 2019, FOLEA filed its Motion to Intervene in this case pursuant to Federal Rule of Civil Procedure 24(a).  FOLEA states that it only became aware of this action on November 20, 2019, when Defendants contacted FOLEA's counsel to inquire as to the status of the Lafayette County litigation.  FOELA argues that it should be allowed to intervene if the Court reaches the merits of this case because the issues raised in this case mirror the issues in the pending Lafayette County litigation.  FOLEA contends that its interests are not adequately represented in this action because Defendants take no position on whether Plaintiff should be allowed to charge fees under the Act of Exchange.  Plaintiff opposes both Defendant's Cross-Motion to Dismiss and FOLEA's Motion to Intervene.

**LEGAL STANDARD**

**A. Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction, and only certain types of cases may proceed in federal court. *See Dakota, Minn. & E. R.R. Corp. v. Schieffer*, 715 F.3d 712, 712 (8th Cir. 2013).  The Federal Rules of Civil Procedure authorize a party to challenge a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  "Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991); *see also Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990) (stating that jurisdictional issues are always for the court to decide and that "judicial economy demands that the [jurisdictional] matter be decided at the outset rather than deferring it until trial").

It is well established that "[l]ack of subject-matter jurisdiction of a lawsuit cannot be waived by the parties—or ignored by the courts—at any stage of the litigation." *Sadler v. Green Tree Servicing, LLC*, 466 F.3d 623, 625 (8th Cir. 2006).  If a federal court does not have subject matter jurisdiction over a given case, that case must be dismissed. *See Williams v. Cnty. of Dakota,*

4

*Neb.*, 687 F.3d 1064, 1067 (8th Cir. 2012). The party claiming that federal subject matter jurisdiction exists has the burden of demonstrating that fact. *See Schieffer*, 715 F.3d at 712 (quotation marks and citation omitted).

A challenge to jurisdiction under Rule 12(b)(1) may proceed one of two ways: as a facial challenge, or as a factual challenge. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). The difference boils down to what material the Court considers in deciding the motion.

A party makes a facial challenge by merely arguing that the other party has not alleged sufficient jurisdictional facts. In deciding a facial challenge, the Court looks only at the pleadings and essentially uses the Rule 12(b)(6) standard to determine whether the complaint states a facially plausible jurisdiction claim. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (stating the post-*Twombly* standard for Rule 12(b)(6)). When a complaint is facially challenged on jurisdiction, all of the factual allegations in the complaint are presumed to be true. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

If, on the other hand, the movant challenges the factual accuracy of the other party's jurisdiction claims and asks the Court to consider matters outside the pleadings to determine their accuracy, then the Court determines the factual accuracy of the jurisdiction claims without giving the other party any beneficial Rule 12(b)(6) assumption. *Osborn*, 918 F.2d at 729 n.6; *Titus*, 4 F.3d at 593. In that instance, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn*, 918 F.2d at 729-30 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

The case at bar amounts to a factual challenge, and thus, the Court will consider any evidence it feels necessary to determine whether it has jurisdiction to hear this case.

### B. Summary Judgment

"Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 856 (8th Cir. 2018) (citation omitted). Summary judgment is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

## DISCUSSION

Defendants argue (1) that Plaintiff lacks Article III standing; (2) that they are entitled to sovereign immunity; and (3) that the Declaratory Judgement Act is not applicable to this case.

Plaintiff, on the other hand, contends that the Court has subject matter jurisdiction over this matter and that it is entitled to summary judgment on its claims for declaratory relief. The Court will first address Defendants' jurisdictional arguments. If the Court determines that it has subject matter jurisdiction over this matter, it will then proceed to the merits and FOLEA's Motion to Intervene.

### A. Standing

The Court will first address Defendants' argument that Plaintiff lacks Article III standing.

Article III, section 2, of the United States Constitution extends the judicial power of the United States only to cases and controversies. *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 933 (8th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-96, 101 (1998). "[T]he question of standing is whether the litigant is entitled to have the [federal] court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

> The irreducible constitutional minimum of standing contains three requirements. First and foremost, there must be alleged (and ultimately proved) an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical. Second, there must be causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant. And third, there must be redressability—a likelihood that the requested relief will redress the alleged injury. This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.

*Steel Co.*, 523 U.S. at 102-04 (internal quotation marks omitted).

"It is well established that standing is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007). If a plaintiff lacks standing, the district court has no subject matter jurisdiction and his complaint must be dismissed. *Iowa Right To Life Comm., Inc. v. Tooker*, 717 F.3d 576, 584 (8th Cir. 2013).

Defendants argue that Plaintiff cannot demonstrate an injury in fact. Defendants further contend that even if Plaintiff could demonstrate an injury in fact, it cannot show a causal connection between the injury and their conduct. Plaintiff argues that it suffered an injury in fact because it has been subjected to third-party litigation and a state court injection preventing it from exercising its rights in its property. Plaintiff argues that this injury is the direct result of Defendants refusing to acknowledge its right to charge fees under the Act of Exchange. For the reasons discussed below, the Court finds that Plaintiff lacks Article III standing.

To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). Plaintiff is subject to a state-court injunction preventing it from charging fees relating to the use of its property without being subject to contempt and sanctions. Consequently, the Court finds that Plaintiff has suffered an injury in fact for the purposes of establishing Article III standing.

Although Plaintiff can demonstrate an injury in fact, it cannot satisfy the causation element of standing. "When the injury alleged is the result of actions by some third party, not the defendant, the plaintiff cannot satisfy the causation element of the standing inquiry." *Miller*, 688 F.3d at 935 (quoting *Katz v. Pershing*, LLC, 672 F.3d 64, 76 (1st Cir. 2012)). "[T]here must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (alterations in original).

Plaintiff asserts that it is subject to third-party litigation because Defendants refuse to recognize its right to charge fees under the Act of Exchange. The Court disagrees. The Lafayette

County litigation was precipitated by Plaintiff's decision to charge fees—not Defendants' decision to remain silent on the issue. If Plaintiff had not begun charging fees to access Lake Erling, it would not have opened the door for third parties to file suit. Moreover, third-party litigation could ensue regardless of Defendant's position on Plaintiff charging fees. Even if Defendants had recognized Plaintiff's right to charge fees, that does not insulate Plaintiff from any and all third-party litigation. Defendants agreeing that fees are permissible does nothing to prevent another individual or entity from having third party beneficiary status or organizational standing and suing to enforce or ascertain their rights under the Act of Exchange—just as FOELA did in Lafayette County. Put another way, just because Defendants endorse Plaintiff's fee-generating programs does not mean that fees are actually permissible under the written terms of the Act of Exchange. Therefore, the Court finds that Plaintiff's injury was not caused by Defendants' failure to recognize their right to charge fees.

In sum, the Court finds that Plaintiff lacks Article III standing, and thus, that it lacks subject matter jurisdiction over Plaintiff's claims.[5]

### B. FOLEA's Motion to Intervene

FOLEA seeks to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a) should the Court address the merits of Plaintiff's claims. As discussed above, the Court has found that this action should be dismissed on jurisdictional grounds and has declined to reach the merits. Accordingly, the Court finds that FOLEA's Motion to Intervene should be denied as moot.

## CONCLUSION

For the above-discussed reasons, the Court finds that Defendant's Cross-Motion to Dismiss (ECF No. 25) should be and hereby is **GRANTED**. Because the Court lacks jurisdiction to hear

---

[5] Because the Court has determined that Plaintiff lacks standing, it concludes its analysis here.

this matter, it finds that Plaintiff's Motion for Summary Judgment (ECF No. 17) should be and hereby is **DENIED AS MOOT**. Furthermore, FOLEA's Motion to Intervene (ECF No. 28) is also hereby **DENIED AS MOOT**. Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.[6] A separate Judgment consistent with this Memorandum Opinion will be entered.

    **IT IS SO ORDERED**, this 4th day of May, 2020.

    /s/ Susan O. Hickey
    Susan O. Hickey
    Chief United States District Judge

---

[6] Dismissals based on a party's failure to establish subject matter jurisdiction are ordinarily without prejudice. *See Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011) (modifying district court's order dismissing case for lack of subject matter jurisdiction to be without prejudice).